United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 22-5043**

**September Term, 2022**

FILED ON: FEBRUARY 3, 2023

TYSON BRODY,

APPELLANT

v.

UNITED STATES DEPARTMENT OF JUSTICE,

APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-01569)

Before: KATSAS and CHILDS, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*

**J U D G M E N T**

The Court considered this appeal on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the order of the district court, filed on December 13, 2021, be affirmed.

Tyson Brody appeals the judgment of the district court as to two claims, each seeking to compel the FBI to process a request for records under the Freedom of Information Act (FOIA).[1] The district court, Pan, J., granted summary judgment to the FBI as to both claims *"*[b]ecause the search here would be unreasonably burdensome.*"*

Three settled principles control this case. First, "[a]n agency need not honor a request that requires an unreasonably burdensome search.*" Am. Fed'n of Gov't Emps. Local 2782 v. U.S.*

---

[1] Brody also appeals a decision of the district court denying his request for an interlocutory preservation order. Because we affirm the grant of summary judgment, this dispute is moot.

*Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990) (quotation marks omitted). Second, an agency should read a FOIA request "as drafted, not as either agency officials or the requester might wish it was drafted." *Nat'l Sec. Couns. v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020) (cleaned up). "The upshot is that, when the request as drafted would require an agency to undertake an unreasonably burdensome search, the agency can decline to process the request." *Id.* Third, we accord a relatively detailed and non-conclusory agency declaration a presumption of good faith. *Eddington v. United States Dep't of Def.*, 35 F.4th 833, 838 (D.C. Cir. 2022). Applying these settled principles to the undisputed facts, the district court correctly granted summary judgment.

First, in count three of the complaint, Brody sought to compel the FBI to search for "all email correspondence exchanged between [the Appraisal Archivist assigned to the FBI] and any FBI email address since 1 January 2016."[2] The request as drafted asked the FBI, at a minimum, to search the emails of *"employees or contractors whose official duties would include interacting with"* the National Archives and Records Administration *"regarding records management issues."* The FBI submitted a declaration explaining in some detail that finding all employees who have these duties would require a search of "73,552 email accounts" or *"voluminous correspondence and surveys with all FBI Divisions to compile a list of FBI employees' email accounts to be searched."*

Brody argues the FBI should have used "common sense" to limit the search to the FBI's Information Management Division and "a few other offices." We reject this argument. The FOIA places the burden of submitting a reasonably drafted request on the requester. 5 U.S.C. § 552(a)(3)(A)(i). An agency has no duty to narrow a request in order to make the required search reasonable. *See Nat'l Sec. Couns.*, 969 F.3d at 410. Brody, not the agency, should have used "common sense" when drafting the request, or redrafted it when the agency advised him of its overbreadth. He did not.

Brody also speculates that the FBI must know the employees whose "official duties" include the management of records, arguing these must be a "select few." The district court rightly disregarded this speculation because it is not evidence. *See* Fed. R. Civ. P. 56(c)(1), (e)(3). The only material evidence cited by the parties is the FBI declaration. The declaration explains the search would be necessary because "proper records management is required of all FBI employees," and because the FBI has no ready list of employees who "regularly contact" the Appraisal Archivist. Brody does not dispute that the search described by the FBI would be unreasonably burdensome. At most, he quibbles with the FBI's good faith. As the district court noted, however, Brody "points to no evidence suggesting a reason to disbelieve the FBI's declarations."

Nor is of any moment that the FBI knew at least some employees in the FBI's Information Management Division were likely to possess responsive records. When a FOIA

---

[2] The requester and the original plaintiff in this action was a corporation. Before this appeal, the corporation assigned its interest to Tyson Brody, and Brody was then substituted as a party. We refer to the plaintiff as "Brody" for simplicity.

request is overbroad, an agency has no duty to process it at all. *Nat'l Sec. Couns.*, 969 F.3d at 410; *cf. Mobley v. CIA*, 806 F.3d 568, 582 (D.C. Cir. 2015) ("Had the FBI only searched the record systems 'most likely' to contain responsive records, its search would be inadequate.").

Because the law is clear and the facts are not genuinely disputed, we affirm the grant of summary judgment as to count three.

Second, in count four of the complaint, Brody sought to compel the FBI to search for emails *"sent or received"* by 18 specific FBI officials over ten business days that are *"not stored"* in the Central Records System, a database where the FBI stores agency records. The FBI declared that finding the requested records would require approximately 17,666 hours of cross-checking email records to records stored in the Central Records System.

Brody raises two arguments. He argues first that the FBI never submitted *"admissible evidence"* from a "records management specialist" or an "information technology specialist" supporting the need for a cross-check. On summary judgment, however, a district court need not rely only upon admissible evidence. *See* Fed. R. Civ. P. 56(c)(2). A district court may consider a declaration "made on personal knowledge" that "set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In this case, the FBI submitted a declaration by the chief of the *"Record/Information Dissemination Section,"* in the *"Information Management Division"* of the FBI. He was competent to testify on the matter, and Brody's argument to the contrary is without merit. The declaration states the FBI "would need to" cross-check the emails in order to find the requested records. Brody introduced no material evidence to the contrary, so this fact was not genuinely disputed.

Brody also argues that the FBI's declaration should not be entitled to a presumption of good faith. He notes the FBI has successfully defended the adequacy of its search in other cases by arguing that a search for emails outside the Central Records System would be unlikely to produce responsive records. *Mobley*, 806 F.3d at 581. Brody accuses the FBI of "hypocrisy" for now contending that searching for records not in the Central Records System would be unreasonably burdensome.

We see no inconsistency, let alone hypocrisy. The FBI does not claim the search would be unreasonably burdensome because the number of emails not stored in the Central Records System is likely to be large. Rather, the FBI asserts that finding out whether there are any email records at all not stored in the Central Records System would require an individual cross-check of each email to records stored in the Central Records System. The burdensome cross-check required to find the responsive records, not the size of the responsive records, is what makes this requested search unreasonably burdensome.

Because the law is clear and the facts are not genuinely disputed, we affirm the grant of summary judgment as to count four.

3

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Michael C. McGrail
Deputy Clerk